IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHN CLEVELAND CORLEY, On Behalf of Himself and Others Similarly Situated, : :<br><br>Plaintiffs,  : :<br><br>vs. : 1:04-CV-110 (WLS) :<br><br>JOHN D. ARCHIBOLD MEMORIAL HOSPITAL, INC., ET. AL., : :<br><br>Defendants. : : : | |

_____

**ORDER**

Currently pending before the Court is Plaintiff's combined motion for reconsideration/to alter judgment/set aside the judgment of the Court's order granting Defendants motion to dismiss. (Tab 47).  In particular, Plaintiff argues that this Court erred in dismissing his 42 U.S.C. § 1983 claim and his claim brought pursuant to the Emergency Medical Treatment and Active Labor Act. For the following reasons, Plaintiff's combined motion (Tab 47) is **DENIED.**

**DISCUSSION**

A motion for reconsideration or to alter a judgment should be  limited to three circumstances: (1) where there is newly discovered evidence; (2) where there is a new development or change in case law; or, (3) where the Court needs to correct a clear error of law or fact.  Bryan v. Murphy, 246 F.Supp.2d 1256 (N.D.Ga. 2003).  In his combined motion,

1

Plaintiff is essentially arguing that the Court erred in applying the facts in this case.

Plaintiff argues that he made the argument that Defendant John D. Archibold Memorial Hospital ("Archibold" or "Hospital") had a relationship with the Hospital Authority at the hearing on the motion to dismiss. While this is true, Plaintiff has yet to argue persuasively that because of the relationship between the Hospital Authority and Archibold, Archibold becomes a "state actor" for §1983 purposes. Without such a showing that Archibold is a state actor, Plaintiff's § 1983 fails as a matter of law. Accordingly, Plaintiff's combined motion for reconsideration (Tab 47) on this issue is due to be, and is hereby, **DENIED.**

Plaintiff also argues that the Court erred in not acknowledging that Plaintiff argued at the hearing that Plaintiff suffered a personal injury as it related to the Emergency Medical Treatment and Active Labor Act (EMTALA) claim. While Plaintiff argues that his condition deteriorated after he left Archibold after being treated, the EMTALA is not a federal malpractice statute. Nolen v. Boca Raton Community Hosp. Inc., 373 F.3d 1151 (11th Cir. 2004). The EMTALA is designed to protect patients from injury caused as a result of a medical provider's refusal to provide emergency medical treatment. 42 U.S.C. § 1395dd(a). In this case, the record is clear that Archibold did provide emergency medical treatment to Plaintiff. Accordingly, Plaintiff's combined motion for reconsideration (Tab 47) on this issue is due to be, and is hereby, **DENIED**.

**SO ORDERED**, this  6th  day of December, 2005.

  /s/W. Louis Sands  
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**